**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| ROBERT WHITE, | Case No. CV 17-02462-CAS (AS) |
| Petitioner, | **FINAL REPORT AND RECOMMENDATION** |
| v. | **OF UNITED STATES MAGISTRATE** |
| UNITED STATES OF AMERICA, | **JUDGE** |
| Respondent. | |

This Final Report and Recommendation is submitted to the Honorable Christina A. Snyder, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

### **I. INTRODUCTION**

On March 30, 2017, Robert White ("Petitioner"), a federal prisoner currently incarcerated at the U.S. Penitentiary in

Victorville, California, and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his sentence. (See Docket Entry No. 1; see also Docket Entry No. 11).[1]

Petitioner was convicted in the United States District Court for the District of Minnesota of one count of aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2, 2113(a) and (d) (Count 1) and one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 2), and was sentenced to a term of 262 months on Count 1 and a consecutive term of 60 months on Count 2. (See Docket Entry No. 9, Declaration of Michael G. Freedman ["Freedman Decl."], ¶¶ 2-3, Exhibits "1" and "2"; Petition at 2).

On July 14, 2017, Respondent filed a Motion to Dismiss and Opposition to the Petition ("Motion"), contending that the Petition is a disguised motion under 28 U.S.C. § 2255 over which this Court

---

[1] The Petition raises the following claims for federal habeas relief: (1) "Petitioner is currently serving a five years mandatory sentence of a 924(c) based of [sic] a conviction of armed bank robbery. [¶] Petitioner was convicted for conduct not prohibited by law and is therefore actually innocent of section 924(c)[.]"; (2) "Petitioner is under a sentence enhancement for a burglary. [¶] Petitioner was giving [sic] a [sic] enhancement due to a past burglary case from 1987 based on the residual clause which has been rendered invalid[.]"; and (3) "Petitioner is convicted for a crime of violence which is armed bank robbery. [¶] Without the residual clause to support it armed bank robbery is no longer considered a crime of violence within the Ninth Circuit." (Petition at 3-4).

does not have jurisdiction. (Docket Entry No. 9).

On July 31, 2017, Petitioner filed a "Brief in Support of Motion to Vacate, Set Aside or Correct Sentence Pursuant to §2241 U.S.C." ("Opposition"). (Docket Entry No. 20).

On August 3, 2017, the Court issued a Report and Recommendation recommending that Respondent's Motion to Dismiss the Petition be granted, and that the Petition be dismissed without prejudice for lack of jurisdiction. (Docket Entry No. 22).

On August 16, 2017, Petitioner filed a "Supplemental Brief in Support of Motion to Vacate, Set Aside, or Correct Sentence pursuant to 2241 U.S.C.," solely addressing the merits of the claims alleged in the Petition. (Docket Entry No. 23).

This Court now issues this Final Report and Recommendation.

For the reasons discussed below, the Court recommends that Respondent's Motion to Dismiss the Petition be GRANTED, and that the Petition be dismissed without prejudice for lack of jurisdiction.

**II.     PROCEDURAL BACKGROUND**

On March 26, 1988, in the United States District Court for the

1  District of Minnesota, a jury found Petitioner guilty of aiding and
2  abetting an armed bank robbery in violation of 18 U.S.C. §§ 2,
3  2113(a) and (d) (Count 1), and the use of a firearm during and in
4  relation to a crime of violence in violation of 18 U.S.C. §
5  924(c)(1) (Count 2). On August 27, 1998, Petitioner was sentenced
6  to 262 months on Count 1, and a consecutive term of 60 months on
7  Count 2. See United States v. White, 205 F.3d 1349 (9th Cir.
8  1993); see also Petition at 2; Motion, Freedman Decl., ¶¶ 2-3, 6,
9  Exhibits "1" "2" and "5" at 2).[2]

On December 10, 1999, the Eighth Circuit Court of Appeals affirmed Petitioner's convictions and sentence. See United States v. White, supra.

---

[2] The Court takes judicial notice of the records of the United States District Court for the District of Minnesota and the United States Court of Appeals for the Eighth Circuit available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

Petitioner was classified as a career offender under United States Sentencing Guidelines § 4B1.1, based on his three prior felony convictions in the Cook County Circuit Court, specifically, residential burglary on December 3, 1987, (2) manufacture/delivery of a controlled substance on September 12, 1989, and (3) possession of a controlled substance with intent to deliver on September 23, 1993. (See Freedman Decl., ¶ 4, Exhibit "3" at 7, ¶ 40 [Presentence Report]; see also Freedman Decl., ¶ 2, Exhibit "1" at 4 [adopting the factual findings and guideline application in the Presentence Report]).

4

On February 2, 2001, Petitioner filed a Motion to set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Minnesota. On August 8, 2001, the district court denied Petitioner's § 2255 motion. See United States v. White, Case No. CR 97-359-PAM-RLE, Docket Nos. 101, 106; see also Motion, Freedman Decl., ¶ 5, Exhibit "4"; Petition at 3.

On February 1, 2016, Petitioner filed an application to file a second or successive § 2255 motion in the Eighth Circuit Court of Appeals, based on Johnson v. United States, 135 S.Ct. 2551 (2015). On August 1, 2016, the Eighth Circuit denied Petitioner's application. See White v. United States, Case No. 16-1259, Docket Nos. 1, 8; United States v. White, Case No. CR 97-359-PAM-RLE, Docket No. 170; see also Motion, Freedman Decl., ¶¶ 6, 8, Exhibits "5" and "7."

### III.  DISCUSSION

A federal prisoner who contends that his or her conviction or sentence is subject to collateral attack "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. "Generally, motions to contest the legality of a sentence must be filed under § 2255, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000)

(citations and footnote omitted). A prisoner generally may not substitute a habeas petition under 28 U.S.C. § 2241 for a § 2255 motion.

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Stephens v. Herrera, 464 F.3d 895, 897-99 (9th Cir. 2006); Hernandez, 204 F.3d at 864-65.

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Id., see also Stephens, 464 F.3d at 897. This "savings clause" exception to § 2255 exclusivity is a "narrow" exception. Ivy v. Pontesso, 328 F.3d 1057, 1059-60 (9th Cir. 2003). Mere lack of success in the sentencing court does not make the § 2255 remedy "inadequate or ineffective." Boyden v. United States, 463 F.2d 229, 230 (9th Cir. 1972). If the rule were otherwise, every

disappointed prisoner/movant incarcerated in a district different from the sentencing district could pursue a repetitive § 2241 petition in the district of incarceration.

Similarly, neither the enforcement of the statute of limitations nor the enforcement of restrictions on successive § 2255 motions renders the § 2255 remedy "inadequate or ineffective" within the meaning of the statute. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)(the possibility that a § 2255 remedy, once available, now may be barred by the applicable statute of limitations does not render the § 2255 remedy "inadequate or ineffective"); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)(dismissal of a § 2255 motion as successive does not render the § 2255 remedy "ineffective or inadequate"). The savings clause does apply, however, when a petitioner demonstrates both "actual innocence" and the lack of an "unobstructed procedural shot" at presenting the petitioner's claims. See Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008); Stephens, 464 F.3d at 898. In order to "establish actual innocence, [P]etitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998)(citation and quotations omitted); see Stephens, supra. "[T]he issue is 'factual innocence, not mere legal insufficiency.'" Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (quoting Bousley, supra).

Here, Petitioner's claims are confined to the legality of his sentence, specifically, a challenge to the imposition of a consecutive 5-year sentence for his conviction on Count 2. Thus, Petitioner may only proceed with the instant federal petition under § 2241 if he can make a claim of actual innocence *and* establish that he has not had an unobstructed shot at presenting that claim under the savings clause in 28 U.S.C. § 2255.

Petitioner asserts that he was actually innocent of the offense of using a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)) in light of <u>Johnson</u>, <u>supra</u>. According to Petitioner, "Petitioner was convicted of conduct not prohibited by law, and therefore is actually innocent of section 924(c) and 4B1.1 offense."; "<u>Johnson</u> renders the residual clause of both section 924(c) and burglary invalid as the Ninth Circuit already held with respect to the materially indistinguishable language of 18 U.S.C. 16(b)[,] <u>Dimaya v. Lynch</u>, 803 F.3d 1110 (9th Cir. 2015)."; and "[F]ollowing <u>Johnson</u>, convictions for armed bank robbery and burglary no longer qualify as crimes of violence because they only ever qualified as crimes of violence under the residual clause and they do not have as an element[] the use, attempted use or threatened use of force." (<u>See</u> Opposition at 1-18; <u>see</u> <u>also</u> Petition at 3-4).³

---

³ The Armed Career Criminal Act (ACCA) prohibits any felon from possessing a firearm and provides for enhanced sentencing (a minimum sentence of fifteen years and a maximum of life in prison) to persons who possess a firearm after three or more convictions
(continued...)

8

Here, Petitioner has failed to show that he has not had an unobstructed procedural shot at presenting his claims. See Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963) (a party has the "burden of showing that his § 2255 remedy was inadequate or ineffective"). The fact that the Eighth Circuit Court of Appeals denied Petitioner's application to file a second or successive petition in the district court does not mean that Petitioner did not have an unobstructed procedural shot at presenting his claims. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (". . . 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255."); Ivy, 328 F.3d at 1059 (". . . § 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition."; citation omitted), and 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.").

---

[3](...continued)
for a "serious drug offense" or a "violent felony." Welch v. United States, 136 S.Ct. 1257, 1261 (2016). In Johnson, the Supreme Court considered the constitutionality of the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony," 135 S.Ct. at 2551, 2555-56, 2563, and held that the ACCA's residual clause defining "violent felony" in part as "involv[ing] conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. Id. at 2555-56, 2563.

9

Because the savings clause requires Petitioner to satisfy both his actual innocence *and* his lack of an "unobstructed procedural shot" at presenting his claims, see Harrison, supra, Petitioner's failure to demonstrate that he *did not have* an obstructed procedural shot to pursue the claims presented in his Petition renders it unnecessary for the Court to address whether Petitioner alleged a viable actual innocence claim.

Since Petitioner has failed to show he did not have an unobstructed shot at presenting his claims, Petitioner can only raise his contentions in a motion that is filed pursuant to 28 U.S.C. § 2255 and the only court with jurisdiction over such a motion is the sentencing court which is the United States District Court for the District of Minnesota.

A court lacking jurisdiction of a civil action may transfer the action to a court in which the action could have been brought, provided the transfer is "in the interest of justice." 28 U.S.C. § 1631; see Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001). However, the transfer of this action to the United States District Court for the District of Minnesota would not be in the interest of justice because it would be futile. The United States District Court for the District of Minnesota would not be able to entertain a "second or successive" § 2255 motion absent authorization from the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2255(h).

## IV.     RECOMMENDATION

For the reasons discussed above, IT IS RECOMMENDED that the district court issue an Order: (1) approving and accepting this Final Report and Recommendation; (2) granting the Motion to Dismiss the Petition; and (3) directing that Judgment be entered dismissing this action without prejudice.

DATED: September 8, 2017

                                        /s/
                                    ALKA SAGAR
                         UNITED STATES MAGISTRATE JUDGE